## JESSOPH CO., Inc., v. BRIGGS & TURIVAS, Inc.

(Circuit Court of Appeals, Second Circuit. June 1, 1925.)

### No. 328.

**1. Sales ⊕⇒359(1)—Prima facie case made by evidence in seller's action for price.**

Evidence of plaintiff in action for price of goods sold and delivered *held* to make a prima facie case.

**2. Sales ⊕⇒354(2)—Plaintiff not bound to pay attention to or discern plea of payment in meaningless denial of information and belief.**

Plaintiff in action for balance of price of goods sold and delivered, in which defendant denied all material allegations of the complaint, was not bound to pay attention to, much less discern an affirmative plea of payment in, the following meaningless denial in the answer of "any knowledge or information sufficient to form a belief that plaintiff * * * sold and delivered to defendant * * * merchandise for which plaintiff has been paid in full."

In Error to the District Court of the United States for the Southern District of New York.

Action by the Jessoph Company, Inc., against Briggs & Turivas, Inc. Judgment on verdict directed for plaintiff, and defendant brings error. Affirmed.

Action at law—jurisdiction resting on diversity of citizenship—wherein plaintiff below (Briggs & Turivas) alleged that at de-

fendant's instance and request it had sold and delivered to it (Jessoph Company) 12,-923.365 tons of steel bars, etc., for which Jessoph had agreed to pay $299,822.06 by a date long past, but had paid no more than $287,471.20; wherefore plaintiff demanded judgment for the difference, with interest from the alleged agreed payment date. All the foregoing, except the payment of $287,-471.20, Jessoph Company denied, and added a denial of "any knowledge or information sufficient to form a belief that plaintiff (resides as alleged in the complaint) and that heretofore plaintiff sold and delivered to the defendant divers goods, wares, and merchandise, for which plaintiff has been paid in full."

On such pleading the case went to trial; and plaintiff proved a written agreement by plaintiff to sell defendant "approximately 12,391 gross tons" of steel shapes situated at sundry railway yards in Montreal, P. Q., to be delivered "on demand" of defendant, at $23.20 per "net ton of 2,000 pounds for all material as and where is" and "railroad weights at points of shipment to govern settlements"; also, that defendant agreed to give and did give plaintiff a commercial credit with a bank in Newark, N. J., for $287,-471.20, available by "draft accompanied by certified invoice" from Jessoph Company; further, that plaintiff did ship according to the railroad weights of the steel so contracted for 13,156 tons of 2,000 pounds each, or considerably more than the amount alleged in the complaint, and that defendant had paid the amount pleaded, which was the face of the credit.

Computation shows that plaintiff sued, not for the whole excess of steel over that which $287,471.20 would pay for, but for a smaller amount. On these facts verdict was directed in favor of plaintiff for what it had sued for, and defendant took this writ.

Otto A. Samuels, of New York City (Jack Lewis Kraus, II, of New York City, of counsel), for plaintiff in error.

Leo Oppenheimer, of New York City (H. H. Nordlinger and Milton P. Kupfer, both of New York City, of counsel), for defendant in error.

Before ROGERS, HOUGH, and HAND, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). [1] Two questions are here raised; the first that plaintiff did not make out a prima facie case. We have above recited what we think was proven and no question of law would be elucidated by going into the matter further. It is held that plaintiff gave enough evidence to warrant a verdict, in the absence of any controverting proof.

[2] The other question is whether the above-quoted statement of the answer, viz. the denial of any "knowledge or information sufficient to form a belief" that plaintiff "* * * heretofore sold and delivered to the defendant divers goods, wares, and merchandise, for which plaintiff has been paid in full" should be treated as an allegation that the purchaser (defendant below) had procured from plaintiff below an agreement that payment of the amount of the credit should be payment for all the steel shipped from Montreal, no matter how much there was of it. This was substantially the only defense that plaintiff in error had, and it attempted to show an oral modification of the written contract to the effect above stated.

It is quite true that the pleading as it stands is absurd. It is said that if plaintiff below did not intend to accept this as a plea of payment, it should have moved against the pleading and not permitted the case to go to trial in such form. We perceive no obligation on a plaintiff to seek to amend mere absurdities in a defendant's answer. The pleading as it stood denied all the material allegations of the complaint. There was an issue, and a plain one. In the light of what is now admitted, and was certainly known to this plaintiff in error, that issue was not well chosen, to say the least; but, as it stood, we see no reason why plaintiff below should have paid any attention to such nonsense as the denial of information and belief we have quoted. Much less can plaintiff below be blamed for not discerning in this meaningless form of words an affirmative plea of payment.

Judgment affirmed, with costs.